COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


THOMAS L. SWITZER

MEMORANDUM OPINION*
v.    Record No. 0779-02-3                    PER CURIAM
OCTOBER 29, 2002
SAMUEL S. SMITH, JODY B. SMITH AND
 PAULA SWITZER


              FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                     Humes J. Franklin, Jr., Judge

              (Thomas Switzer, pro se, on briefs).

              No brief for appellees.[1]

              (Jerry W. Kilgore, Attorney General;
              Craig M. Burshem, Senior Assistant Attorney
              General; Alice G. Burlinson, Regional
              Speical Counsel; Steven P. Roadcap, Special
              Counsel, on brief), for Commonwealth of
              Virginia, Department of Social Services,
              Division of Child Support Enforcement.


     On March 21, 2002, the trial court conducted a trial de novo

regarding a show cause motion filed by Samuel Smith and Jody B.

Smith, nee Botkin, on July 6, 2001 against Thomas L. Switzer

(father).  The Smiths requested that father be held in contempt

pursuant to Code § 16.1-278.16 for his failure to provide support

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We will not consider appellees' brief because appellees'
attorneys refused to comply with Rule 5A:4(b)'s requirement that
all briefs "shall be bound" in a specified manner and Rule
5A:24's requirement that appellees' brief bear a blue cover.

as required by an October 1, 1999 order. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

Furthermore, appellant has filed the following motions: Motion to File a Reply Brief, Motion for a Preliminary Stay, Motion for Leave to Amend or Vacate Judgments of the Trial Court, and Motion for Leave to Change Venue. We deny these motions.

## BACKGROUND

By order dated March 7, 2000, the Augusta County Circuit Court awarded the custody of father's child to Samuel Smith and Jody Botkin, now Jody Smith. We concluded that father's appeal of that order was without merit, and we summarily affirmed the trial court. See Switzer v. Smith, Record No. 0779-00-3 (Va. Ct. App. July 31, 2001), appeal refused by the Supreme Court of Virginia in Record No. 012108 (Va. February 26, 2002). In that case, father unsuccessfully appealed the trial court's authority and decision to award custody of appellant's son to Smith and Botkin, and he alleged numerous constitutional violations, which arguments were either not preserved or were determined to be without merit.

## ISSUES ON APPEAL

On this appeal, father raises the following nine issues: (1) whether the trial court had authority to bind him "into a child care arrangement" which interferes with his parental rights; (2) whether the custody arrangement is in the child's best interest

-

and legally binding: (3) whether awarding custody to the Smiths required the parents' signatures on an adoption decree or a formal agreement; (4) whether the award of custody was a de facto illegal adoption; (5) whether the trial court erred in failing to question the mother's competency when the mother placed the child with the Smiths; (6) whether "such a [custodial] arrangement violate[s] Constitutional rights of the father and child"; (7) whether the trial court had the authority to hold father liable for support payments; (8) whether the trial court had authority to apply a portion of father's accident settlement proceeds to his child support obligation; and (9) whether "said arrangement [granting custody to the Smiths] is null and void" making the Smiths and their counsel civilly and criminally liable.

FACTS RELATING TO THIS APPEAL

On July 9, 2001, the Smiths filed a show cause petition in the juvenile and domestic relations district court (juvenile court) requesting that father "be imprisoned, fined or otherwise punished" for "failure to provide [child] support as ordered on October 1, 1999," pursuant to Code § 16.1-278.16. On July 16, 2001, the juvenile court directed that a show cause summons be issued against father. By order dated July 26, 2001, the juvenile court found father guilty of civil contempt, sentenced him to serve sixty days in jail, suspended the sentence on condition father pay $65 per month for support and $25 toward

-

the arrearage.  The juvenile court ordered that father's wages be withheld, with a review scheduled on December 5, 2001.  By handwritten notation dated December 5, 2001, the juvenile judge imposed thirty days of the sixty-day sentence, with the balance of sixty days to remain suspended.  The juvenile judge directed father "to commence serving" the thirty-day sentence "on Fri., 12/7/01 at 6:00 p.m.," and added that the finding of contempt "may be purged by payment of $1,000."

That same juvenile court order also contains an additional hand-written notation dated February 8, 2002, in which the juvenile judge directed father "to report to serve 30 days on 2/14/02 at 9:00 a.m.  May purge by payment of balance of $1,000 previously ordered ($900)" (the pay or report order).

The juvenile court's manuscript record contains a receipt from the Department of Social Services (DSS), Division of Child Support Enforcement (DCSE), for $900 dated February 14, 2002. The receipt indicates that Carleen Switzer appeared in person and submitted a money order on behalf of father.

Father appealed the juvenile court's decision to the circuit court, which heard the matter de novo on March 21, 2002. After "[h]aving considered all relevant material evidence," the trial court, by order dated March 21, 2002, dismissed DSS as a party.  The trial court further found "that the father has paid the amount ordered and, therefore, this appeal is moot and shall be, and hereby is, dismissed."

-

THE RECORD ON APPEAL

On April 22, 2002, father filed in the trial court a "Statement of Facts in Lieu of Transcript."  On May 3, 2002, Special Counsel for DCSE filed objections to father's statement of facts.  The trial court "sustain[ed] the Objections to Appellant's Statement of Facts" and adopted the facts as recited in the DCSE document "as the Statement of Facts in this case."

The signed Statement of Facts summarizes the issues before and rulings by the juvenile judge.  It also references father's payment of $900 and his noting an appeal de novo to the circuit court.  The remainder of the statement of facts discusses arguments related to DSS' motion that the Commonwealth be dismissed, namely, that the Commonwealth "is not a necessary party to [the] proceeding," its only connection to the case is to direct father's employer pursuant to Code § 20-79.1 to forward payments withheld from father's wages to DSS for disbursement and recordation.  The statement of facts concludes with the following:

> That on motion of the Commonwealth, the Commonwealth was dismissed as a party to this proceeding by Order of this Court entered on March 21, 2002.  Said order further dismissed [father's] appeal of the February 8, 2002, "Pay or Report Order" as this payment of the $900.00 purge amount rendered [father's] appeal as moot.

-

DISCUSSION

The statement of facts fails to show that father raised before the trial court any of the issues or arguments contained in his opening brief. Neither does it indicate that the trial court made rulings on any such issues.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The burden is upon the appellant to provide us with a record which substantiates the claim of error." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).

The record before us fails to show that father raised or preserved the issues he raised in his brief. Because father did not comply with the requirements of Rule 5A:18, we do not address the issues on appeal. Moreover, because the October 1, 1999 order of support is valid and not subject to collateral attack, because Code § 16.1-278.16 authorizes trial courts to punish for contempt anyone who "has failed to perform or comply with" an order of support, and because the majority of the issues raised by father were addressed and found to be without merit in our July 31, 2001 decision for Record No. 0779-00-3, the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

-

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>